NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD W. PETERS, AKA William Peters Richard, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CHARLES RAYMOND, C/O; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> MILLER, Sgt.; et al., <br><br> Defendants. | No. 18-17334 <br><br> D.C. No. 3:15-cv-00493-RCJ-WGC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Defendant Ira Brannon appeals from the district court's order denying him

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

qualified immunity in plaintiff Richard W. Peters's 42 U.S.C. § 1983 action alleging deliberate indifference claims. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291. *Plumhoff v. Rickard*, 572 U.S. 765, 771-73 (2014). We review de novo the district court's summary judgment and qualified immunity determinations. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly concluded that, resolving all factual disputes and drawing all reasonable inferences in Peters's favor, Brannon is not entitled to qualified immunity because Peters's right to be free from violence at the hands of other inmates was clearly established, and a reasonable official would have known that placing Peters back in the same cell after he was physically attacked by his cellmate would violate the Eighth Amendment. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (discussing qualified immunity; explaining that a clearly established right "is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and existing precedent must have placed the constitutional question beyond debate).

**AFFIRMED.**

18-17334